UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                          609-989-0478
United States Bankruptcy Judge                                                                           609-989-2259 Fax


November 7, 2011

Shmuel Klein, Esq.
Law Office of Shmuel Klein
113 Cedarhill Ave.
Mahwah, N.J. 07430

Joel A. Ackerman, Esq.
Zucker, Goldberg & Ackerman, LLC
200 Sheffield St., Suite 101
P.O. Box 1024
Mountainside, N.J. 07092-0024

       In re: Sharon O'Biso
       Docket No.: 11-21794 (MBK)

Counselors:

       This matter is before the Court upon the Chapter 13 Debtor's motion to expunge the claim of Aurora Loan Services, LLC ("Aurora") for payments allegedly due and owing under a mortgage note ("Motion"). The Court has heard oral argument and has reviewed the submissions filed in the above-referenced matter. The Court issues the following ruling:

    **I.**    **Jurisdiction**

       The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

**II.     Background**

On December 21, 2006, Debtor, Sharon O'Biso, agreed to give to GN Mortgage, LLC a mortgage, in the amount of $360,000, on her home located at 1946 Sawmill Court, Toms River, New Jersey (the "Property").  On December 3, 2008, the mortgage was assigned to Aurora.  On or about July 23, 2009, Debtor became delinquent on her mortgage payments and received notice that Aurora was seeking to foreclose on the Property.  In an effort to save her home, Debtor contacted Aurora to attempt a loan modification.  On September 24, 2009, and again on or about July 7, 2010, Debtor asserts that she received from Aurora trial period plans ("TPPs") in relation to Aurora's participation in the United States Treasury's Home Affordable Mortgage Program (HAMP).  Debtor further asserts that the TPPs were to become final loan modifications when all appropriate documentation was submitted to Aurora by Debtor.

Debtor contends that she made numerous payments under the TPPs and provided all required documentation to Aurora.  Aurora, however, asserts that not all payments were received and Debtor failed to produce the required documentation under the TPPs.  Accordingly, Aurora proceeded to foreclose on the Property, precipitating Debtor's Chapter 13 bankruptcy filing on April 15, 2011 (the "Petition Date").  Subsequently, on June 28, 2011, Aurora filed its proof of claim, in the amount of $519,164.27, for payments due and owing under the aforementioned mortgage, plus $60,961.43 in arrearages, as of the Petition Date.

On July 25, 2011, Debtor filed the within Motion to expunge Aurora's claim.  In short, Debtor alleges that Aurora is a participant in HAMP and that she had entered into the TPPs with Aurora.  Debtor further alleges that she fully performed under the TPPs and therefore that she is entitled to a final loan modification.  Thus, Debtor argues that Aurora's proof of claim, which does not take into consideration a final loan modification, must fail.  Alternatively, Debtor

argues that she reasonably relied on Aurora's alleged promise to enter into a final loan modification. Aurora, however, disputes that a final loan modification was ever permitted, asserting that Debtor failed to provide the required documentation and that Aurora never guaranteed that a final loan modification would be approved. For the reasons set forth below, the Court denies Debtor's Motion.

### III. Applicable Standards

#### A. Proofs of Claim

Section 502 of the Bankruptcy Code governs the allowance of claims or interests in a bankruptcy case. See 11 U.S.C. § 502. Further, Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. Pa. 1992) ("Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid"). However, as explained by courts in this Circuit, the validity of such claim may be rebutted:

> A properly filed proof of claim is deemed allowed unless a party in interest objects. In Re: Graboyes, 371 B. R. 113, 119 (E.D. Pa. 2007), citing 11 U.S.C. § 501. If an objection is filed to a proof of claim, the burden of proof may shift. In Re: Graboyes, 371 B.R. at 119, citing United States v. Baskin and Sears, P.C., 207 B. R. 84, 86 (E.D. Pa. 1997). The Court of Appeals has concisely summarized the shifting burden as follows: "[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence which, if believed, would refute one of the allegations that is essential to the claimant's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the Proof of Claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." In Re: Graboyes, 371 B. R. at 119 (E.D. Pa. 2007), citing, In Re: Allegheny Int'l, Inc., 954 F.2d 167, 173-4 (3d Cir. 1992)

> (citations omitted), In Re: Gimelson, 2004 U.S. Dist. LEXIS 23879, 2004 WL 2713059 at *13 (E.D. Pa. 2004), In Re: Galloway, 220 B.R. 236, 244 (Bankr. E.D. Pa. 1998).

In re Machne Menachem, Inc., 2011 U.S. Dist. LEXIS 18026, *2-4 (M.D. Pa. Feb. 18, 2011).

Thus, as the objecting party, Debtor carries the burden to overcome the rebuttable presumption that Aurora has a valid claim. If Debtor produces sufficient evidence to overcome such burden, then it is incumbent upon Aurora to prove the validity of its claim by a preponderance of the evidence. The Debtor has not met her burden.

### B.    No Private Cause of Action Exists under "HAMP"

Debtor first argues that Aurora breached the TPP agreements and therefore that she is entitled to redress under HAMP. What the Debtor fails to recognize, however, is that there can be no private cause of action (*i.e.,* a breach of contract claim) under HAMP. See Stolba v. Wells Fargo and Co., 2011 U.S. Dist. LEXIS 87355 (D.N.J. Aug. 8, 2011); see also Nelson v. Bank of America, N.A., *et al.*, D.C. Docket No. 6:10-cv-00929-MSS-DAB, *4 (11th Cir. 2011) ("We agree with those courts, and with the district court in the present case, that nothing express or implied in HAMP gives borrowers a private right of action"), citing Thompson v. Thompson, 484 U.S. 174, 179 (1988) ("The intent of Congress remains the ultimate issue, however, and unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist"). In Stolba, Judge Martini dismissed plaintiff's claim that Wells Fargo breached their TPP agreement by failing to offer a permanent loan modification, explaining that "HAMP does not create a private right of action for borrowers" and that Wells Fargo's alleged offer to modify came about and was made wholly "under the rubric of HAMP." 2011 U.S. Dist. LEXIS at **7-8, citing Vida v. OneWest Bank*, F.S.B.,* 2010 U.S. Dist. LEXIS 132000, 2010 WL

5148473, at *4 (D. Or. Dec. 13, 2010). Separately, Judge Martini found that plaintiff could not state a claim for breach of contract apart from HAMP because Wells Fargo did not guarantee permanent modification. Id. at *9.

In applying Judge Martini's analysis to this case, this Court reaches the same conclusion that Debtor cannot bring a cause of action under the rubric of HAMP. Likewise, there is no evidence before the Court that Aurora guaranteed permanent loan modification to Debtor. Thus, Debtor's theory that Aurora's claim must be expunged because Aurora breached its agreement with Debtor must fail.

### C. Promissory Estoppel

Debtor alternatively cites promissory estoppel as a ground for expunging Aurora's claim, asserting that she justifiably relied on Aurora's alleged promise to enter into a final loan modification if Debtor satisfied certain criteria. Debtor's promissory estoppel theory is also misplaced. With respect to a claim for promissory estoppel, the Third Circuit has articulated that there can be no justifiable reliance without an express promise. See KSM Assocs. v. ACS State Healthcare, LLC, 2006 U.S. Dist. LEXIS 28288 (E.D. Pa. May 10, 2006), citing C & K Petroleum Prods., 839 F.2d 188, 191-192 (3d Cir. Pa. 1988) & Schleig v. Commc'ns Satellite Corp., 698 F. Supp. 1241, 1249 (M.D. Pa. 1988). As indicated above, there is no evidence to suggest that Aurora guaranteed or made an express promise of a final loan modification. To the contrary, the express language of each TPP contains conditional language suggesting otherwise, upon which plaintiff cannot reasonably rely on. Stolba v. Wells Fargo and Co., 2011 U.S. Dist. LEXIS 87355, *12 (D.N.J. Aug. 8, 2011) (Noting that courts have concluded that a party's reliance on a TPP is not reasonable). Indeed, Judge Martini noted that "a TPP is 'explicitly not an enforceable offer for loan modification.'" Id., citing In Vida v. OneWest Bank, F.S.B., 2010

U.S. Dist. LEXIS 132000, 2010 WL 5148473, at *6 (D. Or. Dec. 13, 2010).  Applying this reasoning, the Court finds that given the conditional language of the TPPs, and Debtor's failure to demonstrate that Aurora made an express promise, Debtor's reliance on the TPPs cannot support a promissory estoppel claim.

### IV.    Conclusion

For the foregoing reasons, Debtor's Motion is denied.  Counsel for Aurora is directed to submit a proposed form of order consistent with the Court's ruling.

Dated: November 7, 2011

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge